ALAN E. FERGUSON, ESQ.
CA State Bar No. 103677
The Law Office of Alan Ferguson
3200 Fourth Avenue, Ste. 207
San Diego, CA 92103-5716
Telephone: (619) 299-4999

Attorney for Material Witness

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Honorable Nita L. Stormes)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>Tinamarie Torres Debenedetto (1),<br>Alejandra Tapia (2),<br><br>Defendants. | Criminal Case No. 08cr0249-BTM<br><br>DECLARATION OF ALAN E. FERGUSON IN SUPPORT OF MATERIAL WITNESSES MOTION FOR A VIDEOTAPE DEPOSITION<br><br>HRG DATE: 02/14/2008<br>TIME: 9:30 a.m.<br>CRTRM: F, 1st Floor<br>JUDGE: Nita L. Stormes |

I the undersigned, declare as follows:

1. My name is Alan E. Ferguson, and I am the attorney of record for Isabel Bocanegra-Narvaez, the material witness in the above-captioned matter. I am an attorney duly licensed to practice law in the State of California and am admitted to practice before the United States District Court for the Southern District of California.

2. On January 16, 2008, I was appointed to represent the material witness in the above-captioned matter. As a Material Witness attorney, one of my primary responsibilities is to help arrange the release of the material witness from the custody of the U.S. Marshal and BICE as soon as practicable. To that end, I immediately conducted interviews with the Material Witness, through a certified Spanish language interpreter to explain why she was being held and under what conditions she could be released. I informed the Material Witness that the most expedient way to

be released is by having a personal surety post a court approved appearance bond. I explained that a personal surety would have to agree to sign a $5,000.00 appearance bond, post $500.00 cash with the court, and agree to allow the Material Witness to stay with the surety or a family member pending final disposition of the case. Unfortunately, I have been unable to locate any possible surety for this Material Witness, and am now relegated to filing this motion.

3. I am not aware or have not been informed of any reason in this case why the Material Witness testimony can not be adequately secured by deposition by either the government or the defendant's attorney. To the contrary, compelling reasons exists for the release of the material witness as continued detention will cause a hardship on the material witness.

4. The Material Witness is willing to discuss everything she knows about this case with both the defense and government investigators. The fact is, however, there are only a few facts relevant to this case which the material witness is competent to testify: i.e. (a) her citizenship, (b) her confinement in a closed compartment, and (c) whether the witness agreed to pay anyone. According to preliminary interviews, all of the facts relevant to this case in the material witness' knowledge took place over a very short period of time.

5. I explained the general procedure for videotape depositions to the witness and explained that, if she were released after the deposition, she may have to return to testify at trial if subpoenaed by the government or defendant. The witness indicated she is willing to return if arrangements for her legal re-entry could be made and travel expenses provided.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct of my own personal knowledge, except as to those matters stated to be based upon information and belief, and as to those matters, I am informed and believe them to be true and correct.

Executed on February 1, 2008, in San Diego, California.

Respectfully Submitted,

/ S / *Alan E. Ferguson*
ALAN E. FERGUSON
Attorney for the Material Witness